## Case No. 12,462.

### SCHMEIDER et al. v. BARNEY.

[13 Blatchf. 37.] [1]

Circuit Court, S. D. New York. June 25, 1875.

CUSTOMS DUTIES — ACT MARCH 3, 1857 — APPEAL TO SECRETARY OF TREASURY—RIGHT OF ACTION AGAINST COLLECTOR — ILLEGAL DUTIES PAID UNDER PROTEST — EVIDENCE OF DECISION BY SECRETARY—ERRORS AT TRIAL—EFFECT OF VERDICT—CIRCUIT COURT—CITIZENSHIP OF PARTIES.

1. Errors committed, on the trial of an action at law, against the party who obtains a verdict, are merged in the verdict.

2. Under section 5 of the act of March 3, 1857 (11 Stat. 195), which provides that, on the entry of any goods, the decision of the collector "as to their liability to duty or exemption therefrom, shall be final and conclusive," unless the owner shall, within ten days, specify in writing the grounds of his dissatisfaction, and shall, within thirty days, appeal to the secretary of the treasury, and that the decision of the secretary shall be final and conclusive, and the goods "shall be liable to duty, or exempted therefrom, accordingly," unless suit shall be brought within thirty days after his decision, such appeal is not a condition precedent to a right of action against a collector, to recover back duties illegally exacted by him, where the question is as to the rate or amount of duty, it being conceded that some duty is payable, but the statute applies only to a case where the question is whether the goods are liable to any duty or are wholly exempt from duty.

3. Whether, under said statute, a suit can be brought, where the secretary of the treasury unreasonably neglects to make and communicate a decision on an appeal, quere.

4. Under the act of February 26, 1845 (5 Stat. 727), a collector who demands and receives illegal duties, which are paid to him under protest, is liable in an action of assumpsit for the amounts thus collected by him.

5. Under the act of 1857, an appeal was taken to the secretary of the treasury from the decision of a collector as to the rate and amount of duties. On the trial of a suit against the collector to recover back the duties, the plaintiff gave evidence tending to show that he was justified in considering his appeal as having been decided against him, but the court directed a verdict for the defendant. Held, that the question as to whether there was evidence of a decision by the secretary upon the appeal, ought to have been submitted to the jury.

6. Where, in June, 1863, the same precise question had been decided by the secretary, on appeal, against the plaintiff, and the secretary had published a circular to that effect, and, in September and October, 1863, the plaintiff presented the same question to the secretary, on appeal, and, up to January, 1866, he had made no response, the plaintiff was justified in considering his appeal as having been decided against him.

7. An action against a collector of customs, to recover back money paid as duties, and alleged to have been illegally exacted, can be brought

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

in the circuit court, although the parties are residents of the same state.

[This was an action by Charles F. Schmeider and others against Hiram Barney, collector of the port of New York, to recover the amount of duties alleged to have been illegally exacted.]

Charles Tracy and Almon W. Griswold, for plaintiffs.

Henry E. Tremain, Asst. Dist. Atty., for defendant.

HUNT, Circuit Justice. This action was tried in May, 1872, at a circuit court held in the city of New York, and resulted in the finding of a verdict for the defendant, by the direction of the court. A motion for a new trial is now made by the plaintiffs upon the minutes of the court. The brief of the counsel for the defendant takes a larger scope than is justified upon this motion. The only questions now to be considered are those specifically presented upon the trial for the decision of the court, and which were ruled against the plaintiffs. The defendant having succeeded on the trial, is content with the result. He makes no motion, and the points presented by him on the trial, and ruled against him, are not now up for consideration. If any errors were committed against him, they are merged in the verdict in his favor.

The action was against Mr. Barney, as a former collector of the port of New York, and based upon the theory, that, as such collector, he did, in September and October, 1863, require and compel the payment by the plaintiffs of illegal duties upon certain goods imported by them in the steamers America and New York, in those months respectively. The action was to recover back the amount of duties thus paid. The plaintiffs proved the entry, invoice and protest of the shipments by the said steamers respectively; also, a certified copy of the appeal made to the secretary of the treasury from the decision of the collector. The details of these papers are not important to be stated. The objection of the plaintiffs to the demand of payment of duties, as made to the collector and as embodied in their appeal to the secretary, was, that they were "compelled to pay a duty at the rate of two cents per square yard, under section 9 of the tariff act of July 14, 1862 [12 Stat. 552], in addition to a duty of 30 per cent. ad valorem." The ad valorem duty I understand to have been conceded by the plaintiffs to be a duty to which the goods were liable. The objection was to the additional two cents per square yard. After proving the payment of the duties to the collector, both ad valorem and by the square yard, the plaintiffs offered evidence of the description of goods embraced in the entry, to show that the duties had been illegally exacted. To this evidence the defendant objected, for the reason that it did not appear that the appeal by the plaintiffs to the secretary of the treasury had ever been decided.

The evidence, and the only evidence, on this point was as follows, viz.: On the 16th of May, 1863, the plaintiffs addressed a letter to the secretary of the treasury, informing him that the collector of the port of New York had compelled them to pay two cents per square yard, under section 9 of the tariff act of July 14, 1862, in addition to a duty of 30 per cent. ad valorem, on certain goods, of the same character and class as those now in question, that they had notified the collector of their dissatisfaction, and that they now appealed to him, claiming that the merchandise was liable to a duty of 30 per cent. ad valorem only. To this letter the secretary replied on the 3d of June, informing the plaintiffs that the decision of the collector was affirmed, for the reasons set forth in the decision of March 20th, 1863. The decision of March 20, 1863, was in the form of a letter addressed by the secretary of the treasury to the collector of the port of Boston, in which his reasons were given for holding the goods to be liable to the duty of two cents per square yard. Prefixed to it is this statement: "Treasury Department, March 20, 1863 The following decisions by the secretary of the treasury, of questions arising upon appeals by importers from the decisions of collectors, relating to the proper classification under the tariff acts of March 2, 1861 [12 Stat. 209], August 5, 1861 [12 Stat. 292], and July 14, 1862, of certain articles of foreign manufacture and production, entered at the ports of Boston, New York, etc., are published for the information of the officers of customs and others concerned. S. P. Chase, Secretary of the Treasury." Upon this evidence, and these offers, a verdict was directed for the defendant, to which the plaintiffs objected and excepted.

If an appeal to the secretary and his decision were required by the law as it stood in 1863, as a condition precedent to a right of action, and if the evidence offered would not justify a finding by the jury that a decision had been made in this case, the direction of the court was right. A concurrence on both points is necessary, to sustain the decision.

The plaintiffs insist, first, that the statute of March 3, 1857 (11 Stat. 192), in force at the time of this transaction, requiring an appeal and decision before suit can be brought, is not applicable to this case. The argument is, that the statute which makes the decision of the collector final, and permits a suit against him after an appeal to the secretary and his decision thereon, applies to a decision upon a question whether the goods are liable to any duty, or are wholly exempt and free of duty, and not to a case where the question is as to the rate or amount of duty, it being conceded that some duty is payable. This construction is sustained by a careful examination of the language of the statute. The first section provides, that, on and after the 1st day of July then following, ad valorem duties, "in lieu of those now imposed," shall be imposed upon the articles enumerated in Schedules A and B. to thirty per cent., and upon those in Sched-

·ules C, D, E, F, G, H, and I, to certain other percentages, as specified. Section 2 distributes the various articles therein described into different schedules, thus subjecting them to different rates of duty. The marginal statement opposite section 1 is in these words: "Rates of duty on the different schedules;" that opposite section 2: "Transfer of certain articles from one schedule to another;" that opposite section 3: "Schedule of free goods." Section 3 enacts, "that, on and after the 1st day of July, 1857, the goods, wares and merchandise mentioned in Schedule I, made part hereof, shall be exempt from duty and entitled to free entry." Then follows Schedule I, embracing maps, charts, and numerous other articles, covering a page and a half of the statute book. Section 4 relates to goods in public stores on the 1st day of July, 1857, and then follows section 5. It is there enacted, "that, on the entry of any goods, * * * after July 1st, * * * the decision of the collector, * * * as to their liability to duty or exemption therefrom, shall be final and conclusive, * * * unless the owner * * * shall, within ten days," specify in writing the grounds of his dissatisfaction, and shall, within thirty days, appeal to the secretary, whose decision, it is declared, shall be final and conclusive, "and the said goods * * * shall be liable to duty, or exempted therefrom, accordingly, any act of congress to the contrary notwithstanding," unless suit shall be brought within thirty days after his decision. The act distinctly states upon what question the decision of the secretary shall be conclusive, to wit, whether the goods are "liable to duty or exempted therefrom." The point is, not whether they are to be included within one schedule or another, whether they shall pay thirty per cent. or fifteen per cent., but whether they are liable to duty, that is to any duty, and, as if to emphasize and point the distinction, the statute adds, "or exempted therefrom," that is, from any duty. That this is the construction of the statute is apparent from the language, not only, but from the subsequent acts of congress. When congress intends to embrace the case of rates and amounts within the same principle, it uses language admitting of no doubt. Thus, in the statute of June 30, 1864, § 14 (13 Stat. 214), it is enacted, that the decision of any collector "as to the rate and amount of duties to be paid * * * shall be final and conclusive," unless the importer shall appeal to the secretary, "whose decision on such appeal shall be final and conclusive. * * * and such * * * goods * * * shall be liable to duty accordingly." The marked difference in the language of these statutes, the first providing that the collector's decision shall be final "as to their liability to duty or exemption therefrom," the other that his decision shall be final "as to the rate and amount of duties to be paid," the first providing, that, after the secretary's decision is made, "the goods shall be liable to duty, or exempted therefrom, accordingly," the other, that, after

such decision, "the goods shall be liable to duty accordingly," can only be explained upon the theory, that congress intended, in 1864, to alter the law, by making the decisions of the collector and the secretary applicable to decisions upon rates and amounts, as well as to questions of entire exemption. Section 2931 of the Revised Statutes re-enacts, in the same words, the provisions of the statute of 1864, above referred to, and that is now the law of the land. Being of the opinion that the objection under consideration was not well taken, for the reason that the provision does not apply to a case where the question was not as to an exemption from duties, but only as to the amount of duties, I do not think it worth while to examine the question whether a suit can be brought where the secretary unreasonably neglects to make and communicate a decision, in a case where the provision is applicable. Both the act of 1864 and the Revised Statutes provide, that the prohibition to sue ceases, where the decision of the secretary is delayed for more than ninety days, in the case of an entry at a port east of the Rocky Mountains, or more than five months at a port west of those mountains. The question suggested is, therefore, of no practical importance, in the future.

By the common law, a collector demanding and receiving illegal duties, which are paid to him under protest, is liable in an action of assumpsit for the amounts thus collected by him. Elliot v. Swartwout, 10 Pet. [35 U. S.] 137, 158; Bend v. Hoyt, 13 Pet. [38 U. S.] 267; Maxwell v. Griswold, 10 How. [51 U. S.] 242; In Cary v. Curtis, 3 How. [44 U. S.] 236, 246, 249, it was held, recognizing the general rule, that this right of action was taken away by the act of March 3, 1839 (5 Stat. 348), which required the collector immediately to pay over the money, Judges Story and McLean dissenting, and holding the collector to be liable notwithstanding the act. The right is, by the act of February 26, 1845 (5 Stat. 727), restored, and placed as it was before the passage of the act of 1839.

I am of the opinion, also, that there was error in refusing to submit the question to the jury, whether there was evidence of a decision by the secretary, upon the appeal to him. The payment of duties is absolutely necessary to the existence of the government, and it is the duty of the courts to enforce all the laws made for their collection. As the necessity is great, it is not unreasonable to say, that such laws must be rigidly enforced. This is the rule where duties are clearly payable, and where there is an evident attempt to evade their payment; where, however, a fair question is presented, whether there is a liability. there is no reason for the laying on of a heavy hand. The case should be disposed of as if it were between individuals, and like any other question of liability or non-liability. In Tacey v. Irwin, 18 Wall. [85 U. S.] 549, the supreme court of the United States held to this effect. The statute provided, that lands sold for taxes might be redeemed upon a com-

pliance with certain proceedings, of which payment of the amount of the tax to the commissioners within a specified time, was the most important. The commissioners, in the case before the court, announced and published, that they would in no case receive payment, unless tendered by the owner of the land in person. A relative of the party went to the office of the commissioners at the time appointed, to see about the payment of the tax, but, in fact, made no offer or tender of the amount. The court held, that the previous announcement of the commissioners was a waiver of the tender, or a refusal to accept the same, and that an actual tender of the money was unnecessary.

In the present case, the plaintiffs had already presented the precise question by appeal to the secretary of the treasury, to wit, on the 16th day of May, 1863. On the 3d of June following, the secretary decided the appeal against them, and published a circular to that effect, and, as he stated in it, "for the information of the officers of customs and others concerned." When, in September and October, 1863, the plaintiffs presented the same question to the secretary on appeal, and, up to January, 1866, he had made no response, if the case of Tacey v. Irwin [supra], is good law, the plaintiffs were justified in considering their appeal as having been decided against them.

I have no doubt of the power of the court to grant the amendment of the complaint allowed upon the trial, nor that an action against the collector of customs of the port of New York, to recover back money paid as duties under the revenue laws of the United States, and which it is alleged were illegally exacted, can be brought in the circuit court. although the parties are residents of the same state.